HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
STEVEN ERIC CABRERA, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ERIC CABRERA, JR.,<br><br>Defendant. | Case No. 1:21-cr-00043 DAD-BAM<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: Hon. Dale A. Drozd |

Defendant, STEVEN ERIC CABRERA, JR., by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision").  *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023).  The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024.  *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Cabrera, Jr.'s total offense level was 23.  He received 3 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 5, which placed Mr. Cabrera, Jr. in criminal history category III with a recommended guideline range of 57 to 71 months;

4. On July 12, 2022, this Court sentenced Mr. Cabrera, Jr. to a term of 57 months imprisonment;

5. The sentencing range applicable to Mr. Cabrera, Jr. was subsequently lowered by the status-point provision, which reduces his criminal history score to 3, lowering his criminal history category from III to II, resulting in an amended advisory guideline range of 51 to 63 months;

6. Because Mr. Cabrera, Jr. is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Cabrera, Jr.'s term of imprisonment to 51 months, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 51 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

7. <u>United States' statement regarding its stipulation</u>[2]: Defendant Cabrera Jr. was convicted of Illegal Possession of a Machine Gun, in violation of 18 U.S.C. § 922(o).  The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), defendant's sentencing memorandum (ECF No. 42), government's sentencing memorandum and response to defendant's formal objections to the PSR (ECF No. 41), Statement of Reasons, Judgment (ECF No. 44), defendant's Bureau of Prisons ("BOP") disciplinary

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

[2] This statement is provided by the United States and is not part of the parties' stipulation.

1  history, and after conferring with the prosecuting Assistant United States Attorney.  The PSR
2  found a base offense level of 22 pursuant to U.S.S.G § 2K2.1(a)(3) because the defendant
3  committed the instant offense after sustaining a conviction for a crime of violence.  PSR ¶ 35.
4  Four levels were added pursuant to U.S.S.G. § 2K2.1(b)(1)(B) because the offense involved
5  between eight and 24 firearms.  PSR ¶ 36.  The offense level was then reduced by three levels for
6  acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and (b).

   At sentencing, the defendant objected to the Guidelines calculation in the PSR and recommended a sentence of 30 months, which was at the low end of the guideline range as he contended it should be calculated.  ECF No. 42 at 11.  The government opposed the defendant's objections to the PSR, argued in support of the Guidelines calculation in the PSR, and advocated for a sentence at the low end of the applicable guideline range.  ECF No. 41.  The government advocated for a low-end Guidelines sentence, in sum, because 1) "the [d]efendant's conduct was serious—he was a prolific, illegal firearms dealer who was manufacturing, possessing, and selling guns, including machine guns"; 2) "when the [d]efendant committed the instant offense he had previously committed a crime of violence [which was accounted for in the Guidelines calculation] and was facing two pending state court cases [involving felony offenses]"; and 3) committed the instant offense while on parole [which was accounted for in the Guidelines calculation].  ECF No. 41 at 1–2.  The Court adopted the Guidelines calculation set forth in the PSR and sentenced defendant to 57 months, a term at the low end of the applicable guideline range.

///
///
///
///
///
///
///
///

According to BOP records dated December 11, 2023, defendant has no record of sustained incidents while in BOP custody. The defendant is currently located at Fairton FCI with a projected release date of November 3, 2026. *See* Bureau of Prisons Inmate Locator available at https://www.bop.gov/inmateloc/ (last visited Feb. 14, 2024).

Respectfully submitted,

| | |
|---|---|
| Dated:  February 27, 2024 | Dated:   February 27, 2024 |
| PHILLIP A. TALBERT<br>United States Attorney | HEATHER E. WILLIAMS<br>Federal Defender |
| /s/ *Shelley D. Weger*<br>SHELLEY D. WEGER<br>Assistant U.S. Attorney | /s/ *Peggy Sasso*<br>PEGGY SASSO<br>Assistant Federal Defender |
| Attorney for Plaintiff<br>UNITED STATES OF AMERICA | Attorney for Defendant<br>STEVEN ERIC CABRERA, JR. |

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Cabrera, Jr. is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from III to II, resulting in an amended guideline range of 51 to 63 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2022 is reduced to a term of 51 months, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 51 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Cabrera, Jr. shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   **February 27, 2024**               *Dale A. Drozd*
                                             UNITED STATES DISTRICT JUDGE