UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ERIC CABRERA, JR.,<br><br>Defendant. | No. 1:21-cr-00043-DAD<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE OR REDUCE HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. No. 48) |

Defendant Steven Eric Cabrera, Jr. is a former[1] federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 48.) In his pending motion defendant seeks time credit toward his federal sentence imposed in this case for time he served in state custody at the Fresno County Jail while awaiting sentencing in this case. It is undisputed that defendant received full time credits for the time spent in local custody on his then unresolved state cases.

In this federal prosecution, defendant was sentenced on July 12, 2022, to the custody of the Bureau of Prisons for 57 months with a 36–month term of supervised release following his entry of plea pursuant to agreement to illegal possession of a machine gun in violation of 18

---

[1] According to the U.S. Bureau of Prison's inmate locator website, defendant Cabrera was released from the Bureau of Prison's custody on May 18, 2026.

1

U.S.C. § 922(o). (Doc. Nos. 34, 43, 44.) Thereafter, by stipulation, defendant's sentence was reduced based upon the then new status–point provision of the U.S. Sentencing Guidelines to a 51–month term of imprisonment. (Doc. Nos. 45, 46.)

In his pending request for relief, defendant Cabrerra essentially seeks a retroactive designation of the state institution for service of his later imposed federal sentence pursuant to 18 U.S.C. § 3621(b). The pending motion reflects that defendant Cabrera was aware that the Bureau of Prisons would be reaching out to determine the court's position regarding the requested retroactive designation of the state institution that, if granted, would essentially result in defendant's federal sentence running concurrent with the later imposed state court sentence. (Doc. No. 48 at 1.) The Bureau of Prisons did contact the undersigned by letter dated October 8, 2025, and the undersigned in turn contacted defendant's counsel in his federal case and the Assistant United States Attorney who had prosecuted his case to determine their respective positions regarding defendant's request for retroactive designation.

First, it would appear that defendant Cabrera's request has been rendered moot by his release from federal custody on May 18, 2026. Second, even if not moot, based upon the court's review of the circumstances of this case, the court would not grant the requested relief. The federal charge of which the defendant was convicted, unlawful possession of a machine gun, was quite serious and there were a number of aggravating factors in connection with that offense including the fact that defendant was on parole supervision at the time and still actively selling unlawful firearms after advertising them for sale on social media. Moreover, the charges pending against the defendant in state court at the time this court imposed sentence on the machine gun possession charge were completely unrelated to the offense conduct charged in this case. Instead, those charges involved vehicle theft, fleeing from police, falsely representing oneself to police, first degree residential robbery and grand theft. Even if the court could have at the time of the federal sentencing which occurred first in time, it would not have run the federal sentence concurrent to the later imposed state sentence which addressed completely unrelated criminal charges.

/////

Accordingly, for the reasons explained above, defendant Cabrera's motion to vacate or reduce his sentence by retroactive designation of the state institution for service of his federal sentence pursuant to 18 U.S.C. § 3621(b) (Doc. No. 48) is denied. The Clerk of the Court is directed to once again close this case.

IT IS SO ORDERED.

Dated:   **June 11, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE